UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| LORENA E. BOSTIC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:15 CV 429 |
| MIROSLAV RADICESKI, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

### I. BACKGROUND

Plaintiff Lorena E. Bostic alleges that she was sexually assaulted by defendant Miroslav Radiceski while he was serving as her probation officer. (DE # 5.) She filed the present lawsuit against Radiceski, along with Jan Parsons, the director of the relevant probation department; various judges of the Superior Court of Lake County, Indiana; the State of Indiana; Lake County, Indiana; and the county commissioners. (*Id.*) Plaintiff alleges violations of her rights under 42 U.S.C. § 1983 (Count I) and the laws of the State of Indiana, namely negligence (Count II) and willful and wanton conduct (Count III). (*Id.*) This matter is before the court on three motions to dismiss, filed by the State of Indiana and the judges (DE # 27), Parsons (DE # 31), and Radiceski (DE # 29).

### II. LEGAL STANDARD

Defendants have moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a RULE 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading

requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. DISCUSSION

#### A. State Defendants' Motion to Dismiss

The State of Indiana and the judges ("the State Defendants") filed a joint motion to dismiss. (DE # 27.) Plaintiff admits she is not pursuing a Section 1983 claim (Count I) against the judges in their official capacities (DE # 39 at 5), or a willfull or wanton conduct claim (Count III) against the judges. (*Id.* at 3.) She also admits that she is not suing the State of Indiana for a Section 1983 violation (Count I) or for willful or wanton conduct (Count II). (DE # 39 at 4.) What remains are individual capacity suits against the judges under Section 1983 (Count I) and negligence claims against both the State and the judges (Count II).

The State Defendants argue that plaintiff's individual capacity claims against the judges under Section 1983 should be dismissed because the allegations seek to impose respondeat superior liability (that is, holding the judges responsible for Radiceski's conduct simply by virtue of being in charge of Radiceski), which is not allowed under Section 1983. It is true that, under Section 1983, a government official is only liable for his or her own misconduct. *Locke v. Haessig*, 788 F.3d 662 (7th Cir. 2015). However, plaintiff has alleged independent action on the part of the judges– including that they hired, retained, and entrusted probationers to a unfit employee; failed to adopt, incorporate, and enforce rules to protect probationers; and failed to exercise due care for the safety of probationers. (DE # 5 at 14-15.) The State Defendants have not

2

convincingly argued that these allegations sound in respondeat superior. Whether the allegations state a proper claim under Section 1983 is another matter, but that question has not yet been raised, so the court will not address it. For now, the court can only reject the State Defendants' argument that plaintiff's individual capacity claims against the judges should fail because they are based on respondeat superior liability.

The State Defendants also argue that plaintiff's negligence claim (Count II) against the State of Indiana and the judges should be dismissed because the defendants possess immunity under the Indiana Tort Claims Act ("ITCA"). The ITCA provides that:

> "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
>
> . . .
>
> (17) Injury to the person or property of a person under supervision of a governmental entity and who is:
>
> (A) on probation[.]

Ind. Code § 34-13-3-3(17)(A). The parties agree that plaintiff was on probation as described in subsection 17(A) but dispute whether plaintiff constitutes a person "under supervision" of a governmental entity. Plaintiff claims that government conduct with relation to plaintiff did not amount to "supervision," but rather constituted mere "surveillance or observation." (DE # 39 at 7.) The State Defendants, on the other hand, argue that plaintiff was under the supervision of the Lake County Felony Probation Department. (DE # 28 at 9.)

Both sides admit there is no case law interpreting the "under supervision" portion of this statute; only one case (a federal district court opinion) even references subsection 17 at all, and it provides no guidance here. *See Crouch v. Madison County et*

*al.,* 682 F. Supp. 2d 862 (S.D. Ind. 2010). Black's Law Dictionary (10th ed. 2014) defines "supervising" as "regulating and monitoring," and by plaintiff's own allegations this indeed appears to be what the probation department was doing to plaintiff by virtue of plaintiff's status as a probationer. (*See* DE # 5 at 7, alleging that the employees of the felony probation department were entrusted to provide probationers with "guidance, supervision, and direction.") Thus, it appears plaintiff was "under supervision of a governmental entity" at the time the alleged negligence occurred. Though the court admits the statute is awkwardly phrased, the court can discern no practical difference between the "supervision" required by the statute and the "surveillance or observation" that plaintiff contends was actually occurring. Accordingly, the court finds that the ITCA immunizes the State Defendants from any negligence claim by plaintiff in this case and the negligence claims against the State Defendants must be dismissed.

      B.      **Parsons' Motion to Dismiss**

Parsons moves to dismiss Counts I through III against her. (DE # 31.) Parsons asserts immunity under the ITCA under Indiana Code § 34-13-3-3(17)(A), which the court addressed above with respect to the State Defendants. As the court explained above, because plaintiff's claims arise from conduct occurring while she was "on probation" and "under supervision of a governmental entity," the governmental entities and officials she sues, such as Parsons, are entitled to immunity under the ITCA with repect to plaintiff's state law claims against them. Accordingly, Counts II and III against Parsons must be dismissed.[1]

As for Count I, plaintiff's Section 1983 claim, plaintiff concedes that she is not suing Parsons in her official capacity. (DE # 41 at 4.) She also admits that she is not

---

[1] Parsons also objects to plaintiff's claims against her to the extent that she seeks punitive damages under Counts II and III. This argument is moot, since those counts against Parsons have been dismissed.

suing Parsons in her individual capacity under a theory of respondeat superior. (DE # 41 at 6.) In short, plaintiff claims to sue Parsons in her individual capacity only for her own conduct as alleged in the amended complaint. In her motion to dismiss, Parsons asserts quasi-judicial immunity for her actions, and in response plaintiff further narrows her claim against Parsons only to liability for her actions which are unrelated to her quasi-judicial functions, namely retention of Radiceski and her failure to train and supervise him adequately. (DE # 41 at 5.) Parsons' motion to dismiss the individual capacity Section 1983 claim against her does not address these parts of the amended complaint, so Count I remains pending against her in her individual capacity for her retention of Radiceski and her failure to train and supervise him adequately.

### C. Radiceski's Motion to Dismiss

Radiceski filed a brief motion to dismiss arguing, essentially, that plaintiff should not be permitted to sue him under Indiana law (Counts II and III) in his official capacity, because such a suit is simply a suit against the governmental entity employing him. (DE # 29.) Plaintiff does not dispute this reasoning, but points out that the Indiana Supreme Court has stated that it does not matter whether a plaintiff sues the employing entity, the employee, or both, because the employing entity must still provide the defense. (DE # 43 at 4, citing *Poole v. Clase,* 476 N.E.2d 828, 831 (Ind. 1985).) Regardless of who provides the defense, this court agrees that the state law official capacity claims against Radiceski are duplicative of the same claims against Radiceski's employer. Accordingly, Counts II and III against Radiceski in his official capacity are dismissed.[2]

---

[2] Radiceski also objects to plaintiff's official capacity claim against him to the extent that it seeks punitive damages. Plaintiff concedes this point, and the point is moot anyway, since any claims against Radiceski in his official capacity have already been dismissed.

5

## IV. CONCLUSION

For the reasons set forth above, the State Defendants' motion to dismiss (DE # 27) is **GRANTED, in part, and DENIED, in part**; Parsons' motion to dismiss (DE # 31) is **GRANTED, in part, and DENIED, in part**; and Radiceski's motion to dismiss (DE # 29) is **GRANTED**.

**SO ORDERED.**

Date: September 27, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT