**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| LORENA E. BOSTIC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-429-PRC |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings [DE 61], filed by Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samual L. Cappas (collectively "Superior Court Judge Defendants") on July 12, 2017. Plaintiff Lorena E. Bostic filed a response on September 15, 2017, and Defendants filed a reply on September 19, 2017.

**PROCEDURAL BACKGROUND**

Plaintiff filed her Amended Complaint on December 1, 2015. Count I of the Amended Complaint is brought under 42 U.S.C. § 1983 against several defendants, including the Superior Court Judge Defendants. Count II alleged a claim of negligence. On September 27, 2016, the Court dismissed the Count II negligence claim against the Superior Court Judge Defendants. As for Count I, the Court recognized that Plaintiff was not bringing official capacity claims against the Superior Court Judge Defendants but declined to address the propriety of the § 1983 individual capacity claims because the Superior Court Judge Defendants did not address the issue in the Motion to Dismiss. These claims remain pending and are the subject of the instant Motion to Dismiss.

In the Amended Complaint, Plaintiff alleges that she was sexually assaulted by Defendant Miroslav Radiceski while he was serving as her probation officer. The General Allegations of the Amended Complaint provide, in relevant part,

18. That the Defendants State of Indiana; Lake County, Indiana; the Lake County, Indiana, Board of Commissioners; and the Judges of the Superior Court of Lake County, Criminal Division, were *charged with the duty*, inter alia, of providing appropriate facilities and qualified staff for the operation of the felony Probation Department of the Superior Court of Lake County, Criminal Division, which was under the direct supervision of the Judges of the Superior Court of Lake County, Criminal Division, of which the Honorable Diane Ross Boswell was the Senior Judge.

19. That at all times relevant hereto, all of the Defendant Judges of the Superior Court of Lake County, Criminal Division and/or their employees and agents *had the duty*, inter alia, to take reasonable steps to protect probationers from injuries or damages caused by employees of the Defendants and to otherwise adequately assure the safety and supervision of probationers under the administration, supervision and control of the felony Probation Department of the Superior Court of Lake County, Criminal Division.

20. That at all times mentioned herein it was the *further duty* of the Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan Parsons, the Director and Chief Probation Officer of the felony Probation Department, to maintain proper and adequate supervision of the employees of the felony Probation Department, who had been entrusted with a position of authority and trust over probationers, to protect and preserve the safety of probationers and provide Lorena E. Bostic and other probationers with guidance, supervision and direction.

21. That at all times mentioned, it was *the further duty* of the Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan Parsons, the Director and Chief Probation Officer of the felony Probation Department, to take precautions reasonable under the circumstances to protect the life, health and safety of Lorena E. Bostic and other probationers.

22. That at all times relevant to this AMENDED COMPLAINT, Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan Parsons, Director and Chief Probation Officer of the felony Probation Department, were aware of problems and investigations involving deficiencies in the conduct of Miroslav Radiceski in his relations with and supervision of probationers.

23. That the Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan Parsons, Director and Chief Probation Officer of the felony Probation Department, notwithstanding their knowledge of problems which had occurred in the past, took little or no action to remedy such problems but instead were maliciously indifferent to the problems such that said Defendants, collectively and individually, knew or should have known that a serious breach of security, trust, guidance and protection was inevitable.

(ECF 5, ¶ 18-23). In relevant part, Count I alleges:

53. That the Defendant Judges of the Superior Court of Lake County, Criminal Division; the Director of the Lake County felony Probation Department, Jan Parsons; and their employees and agents *breached their duty* to the Plaintiff, Lorena E. Bostic, through their denial to her of the rights, privileges and immunities guaranteed by the Constitution in their administration, supervision and management of the Lake County felony Probation Department in the following manner:

    a. Hiring, retaining and entrusting, in a position of authority and trust, the supervision of probationers to an employee who was known or should have been known to said Defendants to be of such poor character, temperament and disposition as to be totally unfit to be hired, retained and placed in a position of authority, trust and supervision of any probationer;

    b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as would reasonably protect the safety, health and well being of Lorena E. Bostic and other probationers;

    c. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as would provide guidance, supervision and direction to Lorena E. Bostic and other probationers;

    d. Failing to properly administer, manage, review and supervise the Lake County felony Probation Department and the conduct and work performance of its employees to ensure appropriate probationer supervision, guidance and direction;

3

> e. Failing to take proper precautions and exercise due care for the safety and well being of probationers when visiting the offices of the felony Probation Department at any of its facilities; and
>
> f. Permitting Lorena E. Bostic to be exposed to the misconduct of Miroslav Radiceski, who was a person upon whom Ms. Bostic was expected to trust and rely upon for guidance, supervision and direction during the period of her probation.

*Id.* at ¶ 53 (emphasis added). The Amended Complaint further alleges "[t]hat as a direct and proximate result of the [Superior Court Judge Defendants'] actions," Plaintiff was injured. *Id*. at ¶ 54.

## ANALYSIS

In the instant motion, the Superior Court Judge Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on Plaintiff's remaining claims against the Superior Court Judge Defendants, namely the individual capacity claims brought under 42 U.S.C. § 1983 in Count I. Rule 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

Defendants argue that the remaining claims in Count I against the Superior Court Judge Defendants are nothing more than a claim for negligence, which cannot form the basis of § 1983 claim. The United States Supreme Court has rejected the idea that liability for "negligence" exists under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property."). More recently, the Supreme Court reiterated that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)); *see also Davis v. Wessel*, 792 F.3d 793, 801-02 (7th Cir. 2015).

In response, Plaintiff agrees that a mere claim of negligence cannot be the basis for a § 1983 claim, but does nothing more than quote several paragraphs of the Amended Complaint. Plaintiff

5

does not identify any allegations in the Amended Complaint or make any arguments that demonstrate anything more than allegations of negligence. Plaintiff does not allege that the Superior Court Judge Defendants acted with deliberate or reckless disregard to her constitutional rights or that her alleged deprivation of constitutional rights occurred at the Superior Court Judge Defendants' direction or with their knowledge or consent. "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Daniels*, 474 U.S. at 332.

Accordingly, the Amended Complaint fails to state a claim against the Superior Court Judge Defendants.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Judgment on the Pleadings [DE 61]. The Court **ORDERS** that the only claims remaining against Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samual L. Cappas, which are in Count 1, are hereby **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 2nd day of October, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT