UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORENA E. BOSTIC,<br>      Plaintiff,<br><br>      v.<br><br>STATE OF INDIANA; LAKE COUNTY,<br>INDIANA; LAKE COUNTY, INDIANA, BOARD<br>OF COMMISSIONERS; ROOSEVELT ALLEN,<br>JR.; GERALD J. SCHEUB; MICHAEL C.<br>REPAY; JAN PARSONS; and MIROSLAV<br>RADICESKI,<br>      Defendants.<br><br>―――――――――――――――<br><br>LAKE COUNTY, INDIANA; LAKE COUNTY,<br>INDIANA, BOARD OF COMMISSIONERS;<br>ROOSEVELT ALLEN, JR.; GERALD J.<br>SCHEUB; and MICHAEL C. REPAY,<br>      Cross Claimants,<br><br>      v.<br><br>STATE OF INDIANA,<br>      Cross Claim Defendant. | CAUSE NO.: 2:15-CV-429-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Second Amended Complaint [DE 76], filed by Plaintiff Lorena E. Bostic on November 8, 2017. Defendant Jan Parsons filed a response in opposition on November 14, 2017, and Plaintiff filed a reply on November 21, 2017.

**BACKGROUND**

On November 25, 2015, Plaintiff filed a Complaint in this case, and on December 1, 2015, she filed an Amended Complaint. On February 8, 2016, Defendants State of Indiana and the five Superior Court Judge Defendants (Defendants Diane Ross Boswell, Samuel L. Cappas, Clarence D.

Murray, Thomas P. Stefaniak, Jr., and Salvadore Vasquez); Defendant Jan Parsons; and Defendant Miroslav Radiceski each filed a Motion to Dismiss for failure to state a claim. The Motions to Dismiss were fully briefed.

On February 8, 2016, Defendant Radiceski filed an Answer. On February 8, 2016, Defendants Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Michael C. Repay; Roosevelt Allen, Jr., and Gerald J. Scheub (collectively, the "Lake County Defendants") filed an Answer and a Cross Claim against the State of Indiana. On February 16, 2016, Defendant State of Indiana filed an Answer to the Lake County Defendants' Cross Claim.

On September 27, 2016, Judge James T. Moody, the presiding judge, issued an Opinion and Order, granting in part and denying in part the Motions to Dismiss, making the following rulings.

Count I of the Amended Complaint was brought under § 1983 for violations of Plaintiff's federal Constitutional rights against only the Superior Court Judge Defendants (Judges Vasquez, Murray, Boswell, Stefaniak, and Cappas) in their individual capacities, Defendant Jan Parsons individually, and Defendant Miroslav Radiceski individually. The State of Indiana and the Superior Court Judges moved to dismiss Count I. In her briefing on the Motion to Dismiss, Plaintiff stated that she was not pursuing Count I against the judges in their official capacities or against the State of Indiana. The Court denied the Motion to Dismiss Count I against the judges in their individual capacities and recognized that Count I was not brought against the State of Indiana.

Defendant Parsons also moved to dismiss Count I, arguing that she is entitled to quasi-judicial immunity on the claims in her individual capacity because she was acting within the scope of her employment to carry out the terms of the Superior Court's order placing Plaintiff on probation. In the briefing, Plaintiff narrowed her claim against Parsons in Count I to only liability

2

in her individual capacity, namely her retention of Radiceski and her failure to train and supervise Radiceski adequately. (ECF 41, p. 5). The Court granted in part and denied in part Defendant Parsons' Motion to Dismiss as to Count I, ruling that Count I remained pending against Parsons in her individual capacity for her retention of Radiceski and her failure to train and supervise Radiceski adequately.

Radiceski did not move for dismissal of Count I. As Count I was not brought against Defendants State of Indiana or the Lake County Defendants, Count I remained pending against the five Superior Court Judge Defendants in their individual capacities, Defendant Parsons in her individual capacity for her retention of Radiceski and her failure to train and supervise Radiceski adequately, and Defendant Radiceski in his individual capacity.

Count II of the Amended Complaint, titled "Negligence," was brought under Indiana state law against all Defendants. The Court dismissed Count II against Defendant State of Indiana, the five Superior Court Judge Defendants, Defendant Parsons, and against Defendant Radiceski in his official capacity, leaving Count II pending against Radiceski in his individual capacity. Count II also remains pending against the Lake County Defendants, who did not file a motion to dismiss.

Count III of the Amended Complaint, titled "Willful and Wanton Misconduct," was brought under Indiana state law against only Defendant Radiceski and Defendant Parsons in both their individual and official capacities. Defendant Parsons moved for dismissal on the basis that she is entitled to immunity from suit under the Indiana Tort Claims Act (ITCA), Indiana Code § 34-13-3-5, because she was acting within the scope of her employment. (ECF 32, p. 12). Defendant Parsons also argued that Plaintiff was on probation and, therefore, is barred from suing an employee who was acting within the scope of the employee's employment resulting in personal injuries, citing Indiana

3

Code § 34-13-3-3(17). (ECF 32, pp. 12-13). Plaintiff responded to both arguments, asserting that Parsons does not have immunity. (ECF 41, pp. 6-7). The Court dismissed Count III against Defendant Parsons based on immunity under the Indiana Tort Claims Act, citing Indiana Code § 34-13-3-3(17). (ECF 49, p. 4). The Court also dismissed Count III as to Defendant Radiceski in his official capacity. Thus, Count III remains pending only against Defendant Radiceski in his individual capacity.

On November 10, 2016, Defendant Parsons filed an Answer to the Amended Complaint.

On July 12, 2017, the five Superior Court Judge Defendants (Vasquez, Murray, Boswell, Stefaniak, and Cappas) filed a Motion for Judgment on the Pleadings.

On August 31, 2017, the parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, the undersigned Magistrate Judge has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

The Motion for Judgment on the Pleadings was fully briefed on September 19, 2017, and on October 2, 2017, the Court issued an Opinion and Order granting the motion and dismissing without prejudice the remaining claim in Count I against the five Superior Court Judge Defendants in their individual capacities on the basis that the claims sounded in negligence, which is not actionable under § 1983. Thus, Count I now remains pending only against Defendant Parsons in her individual capacity for her retention of Radiceski and her failure to train and supervise Radiceski adequately and against Defendant Radiceski in his individual capacity.

**ANALYSIS**

The Amended Complaint is currently pending as to Count I under § 1983 against Defendant Parsons in her individual capacity for her retention of Radiceski and her failure to train and supervise Radiceski adequately and against Defendant Radiceski in his individual capacity; Count II for negligence against Defendant Radiceski in his individual capacity and the Lake County Defendants; and Count III for willful and wanton misconduct against Defendant Radiceski in his individual capacity. No claim in the Amended Complaint remains pending against Defendant State of Indiana or the Superior Court Judge Defendants. The Cross Claim brought by the Lake County Defendants against the State of Indiana remains pending.

In the instant motion, Plaintiff seeks leave of Court to file the proposed Second Amended Complaint but neither identifies for the Court the proposed amendments nor makes any specific argument in support of the amendments. The Court's comparison of the Amended Complaint and the proposed Second Amended Complaint shows the following amendments to the claims in the Second Amended Complaint: (1) revival of the § 1983 claims in Count I against the five Superior Court Judge Defendants in their individual capacities; (2) dropping Count II for negligence (eliminating the remaining claims against the Lake County Defendants); and (3) renewing the allegations of willful and wanton misconduct against Defendant Parsons in Count III (now pleaded as Count II).

Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint

in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6), *see Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

*1.   Defendant State of Indiana*

No claims are currently pending against Defendant State of Indiana in the Amended Complaint. Plaintiff's proposed Second Amended Complaint names Defendant State of Indiana in the caption but brings no allegations against the State of Indiana in either proposed Count I or Count II. The Court **DENIES** the Motion to Amend as to the naming of Defendant State of Indiana in the caption of the Second Amended Complaint and **ORDERS** Plaintiff to **REMOVE** Defendant State of Indiana from the caption before filing the Second Amended Complaint.

*2.   Lake County Defendants*

The only claim in the Amended Complaint that remains against the Lake County Defendants is Count II for negligence, and Plaintiff has dropped her negligence claim in the proposed Second Amended Complaint. However, the proposed Second Amended Complaint names the Lake County Defendants (Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Michael C.

Repay; Roosevelt Allen, Jr.; and Gerald J. Scheub) in the caption. The Court **DENIES** the Motion to Amend as to the naming of Defendants Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Michael C. Repay; Roosevelt Allen, Jr.; and Gerald J. Scheub in the caption of the Second Amended Complaint. The Court **ORDERS** Plaintiff to **REMOVE** Defendants Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Michael C. Repay; Roosevelt Allen, Jr.; and Gerald J. Scheub from the caption before filing the Second Amended Complaint.

*3.  Proposed Count I—Superior Court Judge Defendants*

Count I in the proposed Second Amended Complaint revives Plaintiff's § 1983 claim against the Superior Court Judge Defendants in their individual capacities, which had been dismissed for failure to state a claim in the Court's October 2, 2017 Opinion and Order. Because the Superior Court Judge Defendants were dismissed from the lawsuit, they did not receive notice of the instant Motion to Amend. Accordingly, there are no arguments before the Court regarding the renewed Count I against them. Based on the lack of argument on this claim, the Court finds that justice requires allowing the amendment at this stage of the proceedings and **GRANTS** the Motion to Amend as to the claims against the Superior Court Judge Defendants in Count I. This ruling does not prevent the Superior Court Judge Defendants from filing a motion related to this claim, if appropriate, once they are served with the Second Amended Complaint and have an opportunity to respond.

*4.  Proposed Count I—Defendant Parsons*

In opposition to the instant motion, Defendant Parsons argues that the amendments to the allegations in Count I of the proposed Second Amended Complaint do not change the original allegations related to quasi-judicial functions, official capacity claims, or respondeat superior claims

7

that were dismissed by the Court in the September 27, 2016 Opinion and Order. *See* (ECF 49, p. 5). The Court agrees. To the extent the proposed Second Amended Complaint is attempting to revive those bases for the claim against Parsons already dismissed from Count I, the Court **DENIES** the Motion to Amend. The Court **ORDERS** that Count I of the proposed Second Amended Complaint may only be brought against Defendant Parsons in her individual capacity for (1) her retention of Radiceski and (2) her failure to train and supervise Radiceski adequately. Thus, the Court **ORDERS** that Plaintiff (1) **REMOVE** the allegations in ¶ 40 and (2) **MODIFY** the allegations in ¶ 50 as to Defendant Parsons accordingly before filing the Second Amended Complaint.

5. *Proposed Count II—Defendant Parsons*

In the September 27, 2016 Opinion and Order, the Court dismissed the willful and wanton misconduct claim against Defendant Parsons on the basis that she is entitled to immunity under the ITCA, Indiana Code § 34-13-3-3(17)(A), having considered fully briefed arguments on the claim. *See* (ECF 32, pp. 12-13); (ECF 41, pp. 6-7); (ECF 45, pp. 4-6); (ECF 49, p. 4). Count II of the proposed Second Amended Complaint attempts to revive the claim for willful and wanton misconduct against Parsons in her individual capacity by adding the word "deliberately" to proposed paragraph 53b in addition to the other amendments in Count I. These amendments do not change the Court's September 27, 2016 ruling based on the ITCA. Therefore, the Court **DENIES** the Motion to Amend to the extent that the proposed Second Amended Complaint alleges a claim of willful and wanton misconduct against Defendant Parsons. The Court **ORDERS** Plaintiff to **REMOVE** the allegations against Defendant Parsons in Count II before filing the Second Amended Complaint.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion for Leave to File Second Amended Complaint [DE 76]. The Court **ORDERS** Plaintiff to **FILE** the proposed Second Amended Complaint with the modifications ordered herein as well as the proposed summons for Defendants Vasquez, Murray, Boswell, Stefaniak, and Cappas on or before **December 15, 2017**.

So ORDERED this 8th day of December, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT