# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LORENA E. BOSTIC,<br>　　　Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:15-CV-429-PRC |
| SALVADOR VASQUEZ, CLARENCE D.<br>MURRAY, DIANE ROSS BOSWELL, THOMAS<br>P. STEFANIAK, JR., SAMUEL L. CAPPAS,<br>JAN PARSONS, and MIROSLAV RADICESKI,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on the State Court Judges' Motion for Judgment on the Pleadings [DE 91], filed by Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samual L. Cappas (collectively "Superior Court Judge Defendants") on January 22, 2018. Plaintiff Lorena E. Bostic filed a response on February 6, 2018, and Defendants filed a reply on February 13, 2018.

## PROCEDURAL BACKGROUND

Plaintiff Lorena E. Bostic filed her Second Amended Complaint on December 15, 2017, alleging that she was sexually assaulted in the Lake County Government Center by Defendant Miroslav Radiceski while he was serving as her probation officer. Bostic seeks remedies for the alleged "deprivation of constitutionally protected rights by Defendants, individually, which result from the commission of multiple non-consensual sexual and non-sexual acts committed upon Plaintiff, Lorena Bostic." (ECF 81, p. 1). Count I is brought against the Superior Court Judge Defendants under 42 U.S.C. § 1983 for the alleged violation of Ms. Bostic's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *Id*. at ¶ 45. The claim in Count II for willful and wanton misconduct is not brought against the Superior Court Judge Defendants.

The Second Amended Complaint includes the following relevant "General Allegations":

4. At all relevant times the individual Judges of the Superior Court of Lake County, Criminal Division, had a duty to the public at large, and more specifically to Lorena E. Bostic to, *inter alia*, monitor and provide adequate security for all public areas of the Lake County Government Center, 2293 North Main Street, Crown Point, Indiana 46307, including, but not limited to the public stairwells, through the Lake County, Indiana, Board of Commissioners as the executive officer of Lake County, Indiana.

5. At all relevant times the individual Judges of the Superior Court of Lake County, Criminal Division, *acted with deliberate or reckless disregard for the Constitutional Rights of the Plaintiff* and failed to monitor and provide adequate security for the public stairwells of the Lake County Government Center, Courts Building, *despite their knowledge that Defendant Miroslav Radiceski, as a Probation Officer of the Superior Court of Lake County, Criminal Division, had previously sexually assaulted a felony division probationer in a public stairwell of the Lake County Government Center.*

. . .

11. The Judges of the Superior Court of Lake County, Criminal Division, oversee, administer, supervise and direct the work force of the Probation Department of the Superior Court of Lake County, Criminal Division.

12. Probation Officers of the felony Probation Department in their position of authority and trust have wide latitude in setting the terms and conditions of probation and reporting compliance, all of which has a direct effect upon the liberty of probationers.

. . .

14. At all relevant times Defendant Miroslav Radiceski was duly employed as a felony Probation Officer by the Superior Court of Lake County, Criminal Division.

15. Defendant individual Judges of the Superior Court of Lake County, Criminal Division; the Director of the felony Probation Department of the Superior Court of Lake County, Criminal Division; and Miroslav Radiceski, felony Probation Officer had a duty not to interfere with or deprive the Plaintiff of her Constitutional Rights.

16. At all times relevant to this SECOND AMENDED COMPLAINT, Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan

Parsons, Director and Chief Probation Officer of the felony Probation Department, *were aware of problems and investigations and past incidents involving misconduct by Miroslav Radiceski in his relations with and supervision of probationers that deprived them of their constitutionally protected rights*.

17. Defendant Judges of the Superior Court of Lake County, Criminal Division, and Jan Parsons, Director and Chief Probation Officer of the felony Probation Department, notwithstanding their knowledge of misconduct by Miroslav Radiceski which had occurred in the past acted with deliberate or reckless disregard to the Constitutional Rights of the Plaintiff and consented to such deprivation of rights.

(ECF 81) (emphasis added).

In relevant part, Count I alleges:

18. On or about March 26th, 2013, the Plaintiff, Lorena E. Bostic, was a probationer, having been placed on probation on October 31st, 2011, by the Honorable Clarence D. Murray, Judge of the Superior Court of Lake County, Criminal Division, Room Two, in Case No.: 45G02-0911-FC-00139.

19. Commencing on or about March 26th, 2013, Miroslav Radiceski was the felony Probation Officer assigned to Ms. Bostic and under the guise of needing to meet alone with Ms. Bostic he commenced a course of improper conduct which included repeated acts of non-consensual, forcible, sexual and non-sexual behavior and deprivations of her liberty which continued over the ensuing months at various times and at locations of Probation Department offices until it culminated on November 26th, 2013, with non-consensual sexual conduct.

. . .

21. On March 26th, 2013, Ms. Bostic rebuffed such misconduct whereupon Miroslav Radiceski, deliberately and maliciously retaliated the next day by filing a Petition To Revoke Probation, which remained pending until January 8th, 2014.

22. On November 26th, 2013, Miroslav Radiceski engaged in improper, non-consensual, forcible, sexual and non-sexual misconduct against the Plaintiff, Lorena E. Bostic, on the rarely utilized, dimly lighted alcove off the third "dead end" level or roof access level landing of the enclosed, east stairwell of the Courts Building of the Lake County Government Center.

23. Immediately after court proceedings, rather than lead Ms. Bostic directly to the Probation Department, Miroslav Radiceski directed her to the second floor east hallway of the Courts Building, which Ms. Bostic had never before used, opened the stairwell door and instructed Ms. Bostic to go "up" to his "office."

. . .

25. On November 26th, 2013, at the direction of Miroslav Radiceski, Ms. Bostic found herself confined and alone on the rarely utilized, dimly lighted alcove off the third "dead end" level or roof access level landing of the east stairwell with Defendant Radiceski, who thereupon improperly compelled her to engage in non-consensual, forcible sexual conduct.

26. Thereafter Miroslav Radiceski falsely reported that such incidents had not occurred or that they constituted sexual and non-sexual advances by Ms. Bostic toward Radiceski.

. . .

28. At all relevant times the Judges of the Superior Court of Lake County, Criminal Division, supervised, administered and directed the work force of the felony Probation Department of the Superior Court of Lake County, Criminal Division.

. . .

31. In accordance with Ind. Code § 34-13-3-8 and in compliance with Ind. Code § 34-13-3-10, the Plaintiff on April 17th, 2014, inter alia, caused a Notice of Tort Claim to be timely forwarded to Jan Parsons and the other Defendants, who were duly served on or about April 21st, 2014.

32. The only response received to such service was the May 14th, 2014, notice from the Indiana Political Subdivision Risk Management Fund that Lake County, Indiana, did not participate as a member of such Fund.

33. Notwithstanding service of the Notice of Tort Claim upon the Defendants and the requirements imposed by Ind. Code §34-13-3-11, the Defendants never notified the Plaintiff of their approval or denial of her claims.

34. On October 30th, 2014, Ms. Bostic appeared at the offices of the Porter County Adult Probation Department, as had been routinely scheduled, was advised that Lake County was transferring her probation back to Crown Point

for unknown reasons and was instructed to report to Jan Parsons at the Lake County Probation Department the following morning at 11:30 a.m.

35. On October 30th, 2014, the presiding Judge of the Superior Court of Lake County, Criminal Division, Room Two, with deliberate or reckless disregard for the Plaintiff's Constitutional Rights, entered an ex parte Order extending Ms. Bostic's probation for an additional period of one (1) year, all of which was devoid of due process and without notice to Lorena E. Bostic or her counsel of record and was deliberate or in reckless disregard of Ms. Bostic's Constitutional Rights.

36. On the morning of October 31st, 2014, Lorena E. Bostic appeared at the offices of the felony Probation Department of the Superior Court of Lake County, Criminal Division, where she suffered an observable physical and emotional reaction as she passed through the felony Probation Department offices.

. . .

44. The Defendant Judges of the Superior Court of Lake County, Criminal Division; and their employees and agents acted with deliberate or reckless disregard to the Constitutional Rights of Lorena E. Bostic by doing the following:

    a. Hiring, retaining and entrusting, in a position of authority and trust, the supervision of probationers to an employee whom they knew to be of such poor character, temperament and disposition as to be totally unfit to be hired, retained and placed in a position of authority, trust and supervision of any probationer;

    b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as was constitutionally required to protect the safety, health and well being of Lorena E. Bostic and other probationers;

    c. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as would provide constitutionally required guidance, supervision and direction to Lorena E. Bostic and other probationers;

    d. Failing to administer, manage, review and supervise the Lake County felony Probation Department and the conduct and work performance

     of its employees to ensure constitutionally appropriate probationer supervision, guidance and direction;

   e. Failing to take proper precautions and exercise due care for the Constitutional Rights of Lorena E. Bostic when visiting the offices of the felony Probation Department at any of its facilities; and

   f. Permitting Lorena E. Bostic to be deprived of her Constitutional Rights by the misconduct of Miroslav Radiceski, who was a person upon whom Ms. Bostic was expected to trust and rely upon for guidance, supervision and direction during the period of her probation.

 45. At all times relevant hereto [the Superior Court Judge Defendants; Jan Parsons; and Miroslav Radiceski] deprived Plaintiff, Lorena E. Bostic, of her Fourth, Fifth and Fourteenth Amendment rights, privileges and immunities secured by the Constitution and well-settled laws of the United States and the State of Indiana, including her right to safety and to be free from predation by employees of such Probation Department, and as a direct and proximate result thereof she was physically, emotionally, mentally and sexually injured and will continue to suffer severe emotional distress and mental injury.

(ECF 81).

The Superior Court Defendants filed an Answer on January 2, 2018.

## ANALYSIS

In the instant motion, the Superior Court Judge Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on Plaintiff's § 1983 claim against them, arguing that they were not personally involved in the alleged constitutional violations and that they are entitled to absolute judicial immunity. Rule 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

First, the Superior Court Judge Defendants argue that they did not have the requisite personal involvement in any of the alleged constitutional violations. To state a claim under § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived her of a right secured by the Constitution or laws of the United States. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th

Cir. 2011) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)). Section 1983 "liability is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012). "'An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'" *Id.* at 556 (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); citing *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008)). Thus, the doctrine of respondeat superior does not apply to actions brought under § 1983. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002).

As a result, supervisory officials are liable under § 1983 only if they had "personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Id.* at 614-15; *see also Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). It is not enough that the supervisory official acted negligently in failing to detect and prevent a subordinate's misconduct. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). However, the personal responsibility requirement of § 1983 can be satisfied if the supervisory official "'acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights.'" *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)); *see also Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To satisfy the personal responsibility requirement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)); *see also Chavez,* 251 F.3d at 651 (quoting *Jones*, 856 F.2d at 992-93).

8

In this case, Ms. Bostic alleges that the Judges had "knowledge that Defendant Miroslav Radiceski, as a Probation Officer of the Superior Court of Lake County, Criminal Division, had previously sexually assaulted a felony division probationer in a public stairwell of the Lake County Government Center." (ECF 81, ¶ 5). Ms. Bostic further alleges that the Judges "were aware of problems and investigations and past incidents involving misconduct by Miroslav Radiceski in his relations with and supervision of probationers that deprived them of their constitutionally protected rights." *Id*. at ¶ 16. And, Ms. Bostic alleges that the Judges "oversee, administer, supervise and direct the work force of the Probation Department of the Superior Court of Lake County, Criminal Division." *Id*. at ¶ 11. Thus, the Judges allegedly possessed the power, and presumably the opportunity, to prevent Radiceski from continuing to engage in similar misconduct, as allegedly occurred with Ms. Bostic.

These facts support Ms. Bostic's allegation that the Judges acted with deliberate or reckless disregard for her constitutional rights by "turning a blind eye" to Radiceski's past similar behavior, resulting in a foreseeable violation of Ms. Bostic's constitutional rights. At this stage of the litigation, the Court finds that Ms. Bostic has alleged in her Second Amended Complaint sufficient facts of personal involvement to state a claim against the Superior Court Judge Defendants. *See Powell v. City of Chicago*, No. 17-CV-5156, 2018 WL 1211576, at *9 (N.D. Ill. Mar. 8, 2018) (finding that the plaintiff stated a claim against the arresting police officer's supervisors under § 1983 based on the alleged facts that the supervisors had received prior civilian complaints and, thus, knew that the arresting officers had previously engaged in "fabricating evidence and manufacturing false charges against persons at the Ida B. Wells Homes").

9

Second, the Superior Court Judge Defendants assert in the motion that they are entitled to absolute judicial immunity because they were acting in their official capacities. The Judges do not pursue immunity in their reply brief. A judge is immune from liability—even if the action taken was done in error, maliciously, or in the excess of authority—unless the judge acted in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The doctrine confers complete immunity from suit, not just a mere defense to liability and is applicable to claims brought under § 1983. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989)). Absolute immunity, however, applies only to judicial acts and does not protect the judge from acts that are "ministerial or administrative" in nature. *Id.* (quoting *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985)); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988)).

This determination is a functional one that considers the nature of the governmental function performed. *Dellenbach*, 889 F.2d at 759 (citing *Forrester*, 484 U.S. at 224). Indiana law adopts the federal approach to judicial immunity with respect to administrative actions. *Ray v. Medlock*, No. 4:11-CV-62, 2012 WL 5499630, at *2 (S.D. Ind. Nov. 13, 2012) (citing *Mendenhall v .City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999)). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing *Forrester*, 484 U.S. at 224).

In this case, the Judges have not met their burden of demonstrating that they are entitled to absolute judicial immunity for their actions or inactions in relation to their supervision of Radiceski's employment, which is an administrative and not a judicial function. *See Forrester*, 484 U.S. at 229 (holding that a state judge "was acting in an administrative capacity when he demoted

and discharged" a probation officer and therefore was not entitled to absolute immunity); *Ray*, 2012 WL 5499630, at *2 (finding that the judge did not have absolute judicial immunity from the § 1983 claim because the act of terminating the plaintiff's employment was an administrative act (citing *Forrester*, 484 U.S. at 227)); *Rosenbarger v. Shipman*, 857 F. Supp. 1282, 1286 (N.D. Ind. 1994) (holding that the defendant judge's termination of the plaintiff probation officer's employment was not subject to absolute judicial immunity because "employment decisions concerning probation officers, while a judge's statutory duty, are not a traditional juridical function but rather are an administrative function" (citing *Forrester*, 474 U.S. at 228-30)); *compare Payne v. Cnty. of Cook*, No. 15 C 3154, 2016 WL 1086527, at *8 (N.D. Ill. Mar. 21, 2016) (finding, in a case brought by a probationer and unrelated to an employment decision, that under Illinois law the judge was entitled to absolute judicial immunity in his role in overseeing the probation department).

However, Ms. Bostic also alleges a constitutional claim based on the issuance of the October 30, 2014 *ex parte* court order. *See* (ECF 81, ¶ 35). Because the issuance of the order falls squarely within the purview of absolute judicial immunity as a purely judicial act, the Superior Court Judge Defendants are entitled to absolute judicial immunity on the constitutional claim based on the October 30, 2014 *ex parte* court order. *See Mireles*, 502 U.S. at 12; *see also Dawson*, 419 F.3d at 660-61.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion for Judgment on the Pleadings [DE 91]. The Court **ORDERS** that the § 1983 claims in Count I against Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samual L. Cappas based on the issuance of the October 30, 2014 ex parte order

are **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the claims in Count I against these Defendants otherwise **REMAIN PENDING**.

SO ORDERED this 12th day of April, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT