# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LORENA E. BOSTIC,<br>      Plaintiff,<br><br>     v.<br><br>SALVADOR VASQUEZ; CLARENCE D.<br>MURRAY; DIANE ROSS BOSWELL; THOMAS<br>P. STEFANIAK, JR.; SAMUEL L. CAPPAS;<br>JAN PARSONS; and MIROSLAV RADICESKI,<br>      Defendants.<br><br>LAKE COUNTY, INDIANA; LAKE COUNTY<br>BOARD OF COMMISSIONERS; ROOSEVELT<br>ALLEN, JR.; GERALD J. SCHEUB; and<br>MICHAEL C. REPAY,<br>      Crossclaimants,<br><br>     v.<br><br>STATE OF INDIANA,<br>      Crossclaim Defendant. | CAUSE NO.: 2:15-CV-429-PRC |

## OPINION AND ORDER

This matter is before the Court on the State of Indiana's Motion for Judgment on the Pleadings on Lake County Defendants' Cross-Claim [DE 93], filed by Crossclaim Defendant State of Indiana on January 22, 2018. Crossclaimants Lake County, Indiana, Lake County Board of Commissioners, Roosevelt Allen, Jr., Gerald J. Scheub, and Michael C. Repay (collectively, the "Lake County Defendants") filed a response on February 23, 2018, and the State of Indiana filed a reply on March 9, 2018.

On November 25, 2015, Plaintiff Lorena E. Bostic filed a Complaint against the State of Indiana; Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Roosevelt Allen; Gerald J. Scheub; Michael C. Repay; Salvador Vasquez; Clarence D. Murray; Diane Ross Boswell;

Thomas P. Stefaniak, Jr.; Samuel L. Cappas; Jan Parsons; and Miroslav Radiceski. On December 1, 2015, Plaintiff filed an Amended Complaint against the same Defendants.

This case relates to incidents that allegedly occurred while Plaintiff was a probationer in Lake County, Indiana. On March 26, 2013, Defendant Miroslav Radiceski became Plaintiff's Probation Officer. Plaintiff alleges that during the course of his time as her Lake County Probation Officer, Radiceski engaged in an inappropriate, harmful, and illegal course of conduct. Specifically, Plaintiff alleges that Radiceski subjected her to "repeated acts of non-consensual, forcible, sexual and non-sexual behavior and deprivations of her liberty," which culminated in an incident on November 26, 2013. (ECF 81, ¶¶ 19, 22). Plaintiff alleges that, in retaliation for her resisting his misconduct, on November 26, 2013, Radiceski filed a malicious and meritless Petition to Revoke her probation. At the times relevant to Plaintiff's allegations, Jan Parsons was Director and Chief Probation Officer of the felony Probation Department of the Superior Court of Lake County, Criminal Division.

On February 8, 2016, Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samuel L. Cappas (collectively the "Superior Court Judge Defendants") along with the State of Indiana filed a Motion to Dismiss. The same date, Defendant Miroslav Radiceski filed a Motion to Dismiss and an Answer, and Defendant Jan Parsons separately filed a Motion to Dismiss.

Also on February 8, 2016, Defendants Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Roosevelt Allen; Gerald J. Scheub; and Michael C. Repay (collectively the "Lake County Defendants") filed an Answer as well as the Crossclaim at issue on the instant motion against Defendant State of Indiana.

Count I of the Crossclaim alleges that the State of Indiana is liable to the Lake County Defendants for all or part of the claims and damages asserted against the Lake County Defendants by Plaintiff in her negligence claim in the Amended Complaint. Count II of the Crossclaim alleges that the State of Indiana has a duty to defend state employees in civil suits and, thus, must pay the defense of Defendants Parsons and Radiceski. The Lake County Defendants allege that they have been and are incurring attorney fees, expenses, and other costs related to the defense of Defendants Parsons and Radiceski. In Count II, the Lake County Defendants seek both a declaratory judgment as well as a judgment for damages.

On February 16, 2016, the State of Indiana filed an Answer to the Crossclaim.

On September 27, 2016, then-presiding Judge James T. Moody issued an Opinion and Order granting in part and denying in part the Motions to Dismiss, effectively dismissing Defendant State of Indiana. On November 10, 2016, Jan Parsons filed an Answer to the Amended Complaint. On July 12, 2017, the Superior Court Judge Defendants filed a Motion for Judgment on the Pleadings, which was fully briefed on September 19, 2017.

On August 31, 2017, the parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, the undersigned Magistrate Judge has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On October 2, 2017, the Court granted the Superior Court Judge Defendants' Motion for Judgment on the Pleadings, dismissing without prejudice the remaining claims against the Superior Court Judge Defendants.

On November 8, 2017, Plaintiff filed a Motion for Leave to File Second Amended Complaint. On December 8, 2017, the Court granted in part and denied in part the motion, ordering Plaintiff to file the Second Amended Complaint with specific modifications to reflect the remaining parties and claims based on the prior rulings on dispositive motions.

On December 15, 2017, Plaintiff filed the Second Amended Complaint against the Superior Court Judge Defendants, Jan Parsons, and Miroslav Radiceski only. The Second Amended Complaint contains only two counts—for constitutional violations under 42 U.S.C. § 1983 and for willful and wanton misconduct under Indiana state law. Plaintiff dropped the state law negligence claim. The Lake County Defendants and the State of Indiana are not defendants in the Second Amended Complaint.

## ANALYSIS

In the instant motion, Crossclaim Defendant State of Indiana seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on both counts of the Crossclaim. Rule 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th

Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

Federal Rule of Civil Procedure 13(g) governs crossclaims:

> **(g) Crossclaim Against a Coparty.** A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g). The Lake County Defendants brought the Crossclaim against the State of Indiana while all were defendants to Plaintiff's Amended Complaint.

In Count I of the Crossclaim, the Lake County Defendants seek a judgment against the State of Indiana for any damages, costs, or fees Plaintiff receives in relation to the negligence claim brought in the Amended Complaint. The Second Amended Complaint, which is now the controlling

pleading, does not bring a claim for negligence and does not assert any claims against the Lake County Defendants. Accordingly, the State of Indiana cannot be liable for any damages, costs, or fees that Plaintiff could have recovered under the negligence claim and that the Lake County Defendants seek in Count I of the Crossclaim. Thus, the claim in Count I of the Crossclaim is moot, and the Court grants the motion for judgment on the pleadings on that claim.

In Count II of the Crossclaim, the Lake County Defendants allege that the State of Indiana has a duty to defend state employees in a civil suit and to pay judgments that may be entered against state employees in a civil suit, asserting that Parsons and Radiceski are state employees. Count II further alleges that the State of Indiana has failed and refused to do so on behalf of Parsons and Radiceski in this case and that the Lake County Defendants have been incurring those expenses. Count II seeks a declaration that the State of Indiana is responsible, as a matter of law, to pay all attorney fees, expenses, and costs of the defense of Parsons and Radiceski and is responsible for any judgments that may be entered against them. Count II also asks the Court to enter a judgment against the State of Indiana for the attorney fees, expenses, and costs of the defense incurred by the Lake County Defendants for the defense of Defendants Parsons and Radiceski.

The claim in Count II is brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which provides that "the court has supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, § 1367(c) provides that the court may "decline to exercise supplemental jurisdiction over a claim under subsection (a) if:"

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

6

(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The legal issue at the heart of Count II is whether Parsons and Radiceski, as probation officers, are county or state employees for purposes of determining whether the county or the state should defend and indemnify them. The Lake County Defendants argue that Parsons and Radiceski are employees of the state, whereas the State of Indiana contends that they are county employees. First, both the Lake County Defendants and the State of Indiana were dropped as defendants in this litigation with the filing of Plaintiff's Second Amended Complaint. Second, the question of defense and indemnification of a probation officer in Indiana is a pure issue of Indiana state law that does not appear to have been directly answered by the courts and that the Crossclaim parties vehemently dispute as set forth in their briefs. The determination of defense and indemnification is wholly separate from the factual and legal issues in this litigation between Plaintiff and the remaining defendants. Third, the Lake County Defendants and the State of Indiana are non-diverse, Indiana parties. As such, Indiana courts have a strong interest in resolving this claim. Finally, the State of Indiana has asserted Eleventh Amendment immunity to the extent Count II of the Crossclaim is a suit for damages. Because Count II involves a novel issue of state law and because compelling reasons exist for declining jurisdiction, the Court, in its discretion, declines to exercise supplemental jurisdiction over Count II of the Crossclaim.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the State of Indiana's Motion for Judgment on the Pleadings on Lake County Defendants' Cross-Claim [DE 93]. The Court **ORDERS** that the Crossclaim [DE 36] is **DISMISSED**, with Count I dismissed with prejudice and Count II dismissed without prejudice.

SO ORDERED this 13th day of April, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT