# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LORENA E. BOSTIC,<br>   Plaintiff,<br><br>  v.<br><br>SALVADOR VASQUEZ, CLARENCE D.<br>MURRAY, DIANE ROSS BOSWELL, THOMAS<br>P. STEFANIAK, JR., SAMUEL L. CAPPAS,<br>JAN PARSONS, and MIROSLAV RADICESKI,<br>   Defendants.<br><br>MIROSLAV RADICESKI,<br>   Crossclaimant,<br><br>  v.<br><br>STATE OF INDIANA and THE LAKE COUNTY<br>SUPERIOR COURT, CRIMINAL DIVISION,<br>   Crossclaim Defendants. | CAUSE NO.: 2:15-CV-429-PRC |

## OPINION AND ORDER

This matter is before the Court on the State Defendant's Motion for Judgment on the Pleadings on Miroslav Radiceski's Cross-Claim [DE 114], filed by Crossclaim Defendants State of Indiana and Lake County Superior Court, Criminal Division (collectively, "State Defendants") on May 1, 2018. Crossclaimant Miroslav Radiceski filed a response on June 11, 2018, and the State Defendants filed a reply on June 18, 2018.

On November 25, 2015, Plaintiff Lorena E. Bostic filed a Complaint against the State of Indiana; Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Roosevelt Allen; Gerald J. Scheub; Michael C. Repay; Salvador Vasquez; Clarence D. Murray; Diane Ross Boswell; Thomas P. Stefaniak, Jr.; Samuel L. Cappas; Jan Parsons; and Miroslav Radiceski. On December 1, 2015, Plaintiff filed an Amended Complaint against the same Defendants.

This case relates to incidents that allegedly occurred while Plaintiff was a probationer in Lake County, Indiana. On March 26, 2013, Defendant Miroslav Radiceski became Plaintiff's Probation Officer. Plaintiff alleges that during the course of his time as her Lake County Probation Officer, Radiceski engaged in an inappropriate, harmful, and illegal course of conduct. Specifically, Plaintiff alleges that Radiceski subjected her to "repeated acts of non-consensual, forcible, sexual and non-sexual behavior and deprivations of her liberty," which culminated in an incident on November 26, 2013. (ECF 81, ¶¶ 19, 22). Plaintiff alleges that, in retaliation for her resisting his misconduct, on November 26, 2013, Radiceski filed a malicious and meritless Petition to Revoke her probation.

On February 8, 2016, motions to dismiss were filed by Miroslav Radiceski, by Jan Parsons, and collectively by Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samuel L. Cappas (collectively the "Superior Court Judge Defendants") with the State of Indiana.

Also on February 8, 2016, Defendants Lake County, Indiana; Lake County, Indiana, Board of Commissioners; Roosevelt Allen; Gerald J. Scheub; and Michael C. Repay (collectively the "Lake County Defendants") filed an Answer and a Crossclaim against Defendant State of Indiana. (ECF 34). Count I of the Crossclaim alleged that the State of Indiana is liable to the Lake County Defendants for all or part of the claims and damages asserted against them in Plaintiff's negligence claim. Count II alleged that the State of Indiana has a duty to defend state employees in civil suits and, thus, must pay the defense of Defendants Parsons and Radiceski, seeking both a declaratory judgment as well as a judgment for damages.

On September 27, 2016, then-presiding Judge James T. Moody issued an Opinion and Order granting in part and denying in part the three motions to dismiss, effectively dismissing Defendant State of Indiana from the Complaint.

On August 31, 2017, the parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, the undersigned Magistrate Judge has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On July 12, 2017, the Superior Court Judge Defendants filed a Motion for Judgment on the Pleadings on Plaintiff's Amended Complaint, which the Court granted on October 2, 2017, dismissing without prejudice Plaintiff's remaining claims against the Superior Court Judge Defendants.

On November 8, 2017, Plaintiff filed a Motion for Leave to File Second Amended Complaint. On December 8, 2017, the Court granted in part and denied in part the motion, ordering Plaintiff to file the Second Amended Complaint with specific modifications to reflect the remaining parties and claims based on the prior rulings.

On December 15, 2017, Plaintiff filed the Second Amended Complaint against the Superior Court Judge Defendants individually, Jan Parsons, and Miroslav Radiceski. The Second Amended Complaint contains two counts—for constitutional violations under 42 U.S.C. § 1983 and for willful and wanton misconduct under Indiana state law. The Lake County Defendants and the State of Indiana are not defendants in the Second Amended Complaint.

On January 17, 2018, Radiceski filed an Answer to the Second Amended Complaint and a Crossclaim against the "State of Indiana and/or Lake County Superior Court, Criminal Division."

3

(ECF 90, p. 28). On February 1, 2018, the State Defendants filed an Answer to Radiceski's Crossclaim.

On January 22, 2018, the State of Indiana filed a Motion for Judgment on the Pleadings on the Lake County Defendants' Crossclaim (ECF 93); although the Lake County Defendants were no longer Defendants at that point, their Crosslcaim—filed on February 8, 2016, in the Answer to Plaintiff's Amended Complaint—was still pending. On April 13, 2018, the Court granted the State of Indiana's Motion for Judgment on the Pleadings on the Lake County Defendants' Crossclaim. (ECF 113).

On May 1, 2018, the State Defendants filed the instant Motion for Judgment on the Pleadings, which is now fully briefed.

## ANALYSIS

In the instant motion, Crossclaim Defendants State of Indiana and Lake County Superior Court, Criminal Division (collectively "State Defendants") seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on Miroslav Radiceski's Crossclaim, pleaded in his Answer to the Second Amended Complaint on January 17, 2018. *See* (ECF 90, p. 28) (Radiceski's Crossclaim). Rule 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

4

In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

Federal Rule of Civil Procedure 13(g) governs crossclaims:

> **(g) Crossclaim Against a Coparty.** A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g). Radiceski brings the Crossclaim against the State of Indiana and the Lake County Superior Court, Criminal Division, even though neither is a party to the Second Amended Complaint; the parties do not address whether the Crossclaim could have been brought as a Third Party Complaint. *See ZF Steering Sys., LLC v. Busche Enter. Div., Inc.*, No. 1:12-CV-316, 2013 WL 1856982, at *7-8 (N.D. Ind. May 2, 2013) (finding that a crossclaim—brought by a defendant against whom the case had been stayed—against a former co-defendant who had been dismissed from the case was not properly before the court because of the stay against the defendant and

because the crossclaim was not brought as part of a pleading); Fed. R. Civ. P. 14(a) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). Nevertheless, because the Court could excuse the error if there were no prejudice and because the State Defendants have not objected on this procedural ground, the Court considers the merits of the Motion for Judgment on the Pleadings as to Radiceski's Crossclaim. *See id.* at *8 (recognizing that the court could excuse the error if no party would be prejudiced but finding that the plaintiff would be prejudiced).

In Counts I and II of the Crossclaim, Radiceski alleges that he is a state employee and seeks from the State Defendants indemnification for his defense and for any damages asserted against him by Plaintiff. The State Defendants argue that they are not liable under either Count I or Count II, asserting that the county, and not the State Defendants, should bear the cost of Radiceski's defense as well as any judgment entered against him.

Radiceski's claims are brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which provides that "the court has supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, § 1367(c) provides that the court may "decline to exercise supplemental jurisdiction over a claim under subsection (a) if:"

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The legal issue at the heart of the Crossclaim is whether Radiceski, as a probation officer, is a county or state employee for purposes of determining whether the county or the state should defend and indemnify him. The legal issues are identical to those raised by the Lake County Defendants against the State of Indiana in their Crossclaim. *See* (ECF 34). In its April 13, 2018 Opinion and Order dismissing the Lake County Defendants' Crossclaim, the Court declined to accept jurisdiction over the Lake County Defendants's claims against the State of Indiana. *See* (ECF 113). The Court does the same here for the same reason. The question of defense and indemnification of a probation officer in Indiana is a pure issue of Indiana state law that does not appear to have been directly answered by the courts and that the Crossclaim parties dispute as set forth in their briefs. The determination of defense and indemnification is wholly separate from the factual and legal issues in this litigation between Plaintiff and the remaining defendants. Radiceski and the State Defendants are non-diverse, Indiana parties. As such, Indiana courts have a strong interest in resolving this claim. Finally, the State of Indiana has asserted Eleventh Amendment immunity to the extent Count I of the Crossclaim is a suit for damages.

Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over Radiceski's Crossclaim because it involves a novel issue of state law and because compelling reasons exist for declining jurisdiction. The Court declines Radiceski's invitation to certify the question to the Indiana Supreme Court. *See Howlett v. Hack*, 794 F.3d 721, 729 (7th Cir. 2015).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the State Defendant's Motion for Judgment on the Pleadings on Miroslav Radiceski's Cross-Claim [DE 114]. The Court **ORDERS** that Miroslav Radiceski's Crossclaim [DE 90] is **DISMISSED without prejudice**.

SO ORDERED this 20th day of June, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT