# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LORENA E. BOSTIC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-429-PRC |
| | ) | |
| SALVADOR VASQUEZ, CLARENCE D. | ) | |
| MURRAY, DIANE ROSS BOSWELL, THOMAS | ) | |
| P. STEFANIAK, JR., SAMUEL L. CAPPAS, | ) | |
| JAN PARSONS, and MIROSLAV RADICESKI, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash Subpoena Duces Tecum [DE 125] and a Motion for Protective Order [DE 126], filed by Defendants Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samuel L. Cappas (collectively "Lake County Superior Court Judges") on July 31, 2018. Plaintiff Lorena E. Bostic filed a response to both motions, and the Lake County Superior Court Judges filed a reply in support of both motions.

Both motions raise the question of whether Plaintiff can obtain through discovery the personal financial information of the individual Defendant Lake County Superior Court Judges sued in their individual capacities and indemnified by the State of Indiana. In this case, Plaintiff sued the Lake County Superior Court Judges in their individual capacities based on the Judges' alleged knowledge of a bad actor (Defendant Miroslav Radiceski) over whom they allegedly had control as part of their official duties as criminal court judges. Plaintiff has not sued the judges in their official capacities, which would be a suit against the State of Indiana. *See Kentucky v. Graham*, 473 U.S. 167, n. 14 (1985).

Chapter 12 of Indiana Code Title 33, Article 38, is titled "Defense and Indemnification of Judges for Civil Damages." Indiana Code § 33-38-12-4 provides:

> Sec. 4. The state shall pay the expenses incurred by a judge from a threatened, pending, or completed action or proceeding that arises from:
> (1) making;
> (2) performing; or
> (3) failing to make or perform;
> a decision, a duty, an obligation, a privilege, or a responsibility *of the judge's office*.

Ind. Code § 33-38-12-4 (emphasis added). The code defines "expenses" for use in Chapter 12 as including the following:

> (1) Reasonable attorney's fees, if the attorney general has authorized the chief administrative officer of the office of judicial administration to hire private counsel to provide the defense.
> (2) *A judgment*.
> (3) A settlement.
> (4) Court costs.
> (5) Discovery costs.
> (6) Expert witness fees.
> (7) Any other expense incurred as a result of an action or a proceeding.

Ind. Code § 33-38-12-2 (emphasis added). Contrary to Indiana Code § 34-13-4-1, which governs indemnification of state employees and which gives the state discretion to indemnify for punitive damages, *see* Ind. Code § 34-13-4-1, the provision for indemnification of judges grants no such discretion as to punitive damages, *see* Ind. Code § 38-38-12-4. Thus, as argued by Defendant Lake County Superior Court Judges, who are represented by the Office of the Indiana Attorney General, the State of Indiana would indemnify the judges sued in their individual capacities for a judgment for damages, including punitive damages, for the alleged misconduct that occurred in this case in the performance of a decision, duty, obligation, privilege, or responsibility "of the judge's office."

The Seventh Circuit Court of Appeals has held that when an individual defendant is to be fully indemnified, evidence of the defendant's net worth is inadmissible for purposes of calculating punitive damages. *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) (considering the admissibility of personal financial information in a case brought under 42 U.S.C. § 1983 against an Indiana police

officer). Because the Lake County Superior Court Judges, sued in their individual capacities, will be fully indemnified by the State of Indiana, evidence of their net worth would be inadmissible. Therefore, discovery of the judge's personal financial information is not relevant, and discovery of their personal financial information is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

As a result, the Court quashes the subpoenas duces tecum issued to Defendants Judges Clarence D. Murray and Diane Ross Boswell on July 23, 2018, and July 27, 2018, respectively, as both subpoenas seek only personal financial information. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). Likewise, finding good cause shown, the Court grants the request for a protective order and orders that Plaintiff is prohibited from seeking personal financial information from the Defendant Lake County Superior Court Judges and that the Judges are not required to respond to Plaintiff's July 3, 2018 requests for production of documents and interrogatories, which request only the individual Judges' personal financial information. *See* Fed. R. Civ. P. 26(c)(1)(A) (providing that a court may, for good cause shown, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the disclosure or discovery).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Quash Subpoena Duces Tecum [DE 125] and the Motion for Protective Order [DE 126]. The Court **QUASHES** the July 23, 2018 and July 27, 2018 subpoenas duces tecum issued to Defendants Clarence D. Murray and Diane Ross Boswell. *See* (ECF 125-1, 125-2). The Court further **ORDERS** that Plaintiff is forbidden from seeking discovery from the individual Defendant Judges Salvador Vasquez, Clarence D. Murray, Diane Ross Boswell, Thomas P. Stefaniak, Jr., and Samuel L. Cappas regarding their personal

financial information and that these Defendant Judges need not respond to Plaintiff's July 3, 2018 discovery requests. *See* (ECF 126-1).

SO ORDERED this 23rd day of August, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT