UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORENA E. BOSTIC,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:15-CV-429-PRC<br>) |
| SALVADOR VASQUEZ, CLARENCE D.<br>MURRAY, DIANE ROSS BOSWELL, THOMAS<br>P. STEFANIAK, JR., SAMUEL L. CAPPAS,<br>JAN PARSONS, and MIROSLAV RADICESKI,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 139], filed by Defendant Samuel L. Cappas on August 23, 2018. Plaintiff Lorena E. Bostic filed a response on September 20, 2018, Defendant Cappas filed a reply on October 2, 2018, Ms. Bostic filed a surreply on October 9, 2018, and Defendant Cappas filed a surresponse on October 22, 2018. This matter is also before the Court on a Motion of Plaintiff Lorena E. Bostic for Oral Argument on Defendant Samuel L. Cappas' Motion for Summary Judgment [DE 151], filed on October 24, 2018. Defendant Cappas filed a response on October 25, 2018. Ms. Bostic has not filed a reply, and the time to do so has passed. Because there is no genuine dispute as to any material fact that Defendant Cappas was not personally involved in the events underlying Ms. Bostic's Second Amended Complaint, the Court grants Defendant Cappas' Motion for Summary Judgment.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

# SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## PROCEDURAL BACKGROUND

Plaintiff Lorena E. Bostic filed her Second Amended Complaint on December 15, 2017, making the following allegations relevant to the instant Motion for Summary Judgment. While Ms. Bostic was a probationer under the supervision of the Probation Department of the Superior Court of Lake County, Indiana, Criminal Division, Defendant Miroslav Radiceski abused his position as her Probation Officer on multiple occasions during a time period beginning on March 26, 2013, and "culminating" on November 26, 2013, with non-consensual, sexual conduct. (ECF 81, ¶¶ 18, 19, 20). On March 26, 2013, Ms. Bostic rebuffed Radiceski's initial misconduct, and the following day, Radiceski maliciously retaliated by filing a Petition to Revoke Probation, which remained pending until January 8, 2014. *Id*. at ¶ 21. On November 26, 2013, Radiceski engaged in improper, non-consensual forcible, sexual and non-sexual misconduct against Ms. Bostic in a rarely utilized, dimly lighted alcove off of an enclosed stairwell in the Courts Building of the Lake County Government Center. *Id*. at ¶ 22.

By January 8, 2014, Jan Parsons, the Director and Chief Probation Officer of the Lake County Probation Department, was aware of the several incidents of Radiceski's improper conduct and, on January 8, 2014, Parsons filed a Motion to Withdraw Petition to Revoke Probation and transferred Ms. Bostic's probation to Porter County Adult Probation. *Id*. at ¶¶ 29, 30.

On October 30, 2014, Ms. Bostic appeared at the offices of the Porter County Adult Probation Department as previously scheduled and was advised that the Lake County Probation Department was transferring her probation back to the Lake County Probation Department for unknown reasons. *Id*. at ¶ 34. Ms. Bostic was instructed to report to Parsons at the Lake County Probation Department the following morning at 11:30 a.m. *Id*.

Also on October 30, 2014, the presiding Judge of the Superior Court of Lake County, Criminal Division, Room Two, entered an *ex parte* Order extending Ms. Bostic's probation for an additional period of one year without notice to Ms. Bostic or her attorney.

On October 31, 2014, Ms. Bostic appeared at the Lake County Probation Department as directed. *Id.* at ¶ 36. As she walked through the Probation Department area, Ms. Bostic suffered an observable physical and emotional reaction and was the victim of retaliation by Radiceski's former co-workers who made snide remarks and who mocked, derided, and ridiculed her. *Id.* at ¶¶ 36-37. At this time, Ms. Bostic was first informed that her probation had been extended for an additional year. *Id.* at ¶ 37. As a result of the verbal abuse, Ms. Bostic suffered severe anxiety, emotional distress, a panic attack, cold sweats, unsteadiness on her feet, and shortness of breath, at which point she was further mocked. *Id.* at ¶ 38.

When Ms. Bostic asked why her probation had been transferred back to Lake County, a Lake County Probation Officer informed her that it was because she had failed to cooperate with the Porter County Adult Probation Department, which was false. *Id.* at ¶ 39. On November 10, 2014, Ms. Bostic's attorney was advised by the Porter County Adult Probation Department that any statement that Ms. Bostic had failed to comply with the Porter County Adult Probation Department was untrue. *Id.* at ¶ 40.

On November 13, 2014, Ms. Bostic filed an emergency motion with the Superior Court of Lake County, Criminal Division, Room Two, to vacate the year extension of her period of probation and "advised the Court of the abuse she had suffered from personnel at the Lake County felony Probation Department." *Id.* at ¶ 41. Subsequently, the Lake County Probation Department filed a

motion to discharge Ms. Bostic from probation, which was granted by the Superior Court of Lake County, Criminal Division, Room Two. *Id*. at ¶ 42.

Ms. Bostic brings her Second Amended Complaint against Miroslav Radiceski, Jan Parsons, and five judges of the Superior Court of Lake County, Indiana, Criminal Division, including Defendant Samuel L. Cappas, who became Judge of the Superior Court of Lake County, Criminal Division, Room Four on December 20, 2013. *See id*. at pp. 1-2 (identifying Defendants), ¶ 10 (stating date Defendant Cappas was appointed judge). Ms. Bostic alleges that the Defendant Judges, including Defendant Cappas, acted with deliberate or reckless disregard of her Constitutional Rights by:

    a.    Hiring, retaining and entrusting, in a position of authority and trust, the supervision of probationers *to an employee* whom they knew to be of such poor character, temperament and disposition as to be totally unfit to be hired, retained and placed in a position of authority, trust and supervision of any probationer;

    b.    Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as was constitutionally required to protect the safety, health and well being of Lorena E. Bostic and other probationers;

    c.    Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the administration and management of the Lake County felony Probation Department as would provide constitutionally required guidance, supervision and direction to Lorena E. Bostic and other probationers;

    d.    Failing to administer, manage, review and supervise the Lake County felony Probation Department and the conduct and work performance of its employees to ensure constitutionally appropriate probationer supervision, guidance and direction;

    e.    Failing to take proper precautions and exercise due care for the Constitutional Rights of Lorena E. Bostic when visiting the offices of the felony Probation Department at any of its facilities; and

> f. Permitting Lorena E. Bostic to be deprived of her Constitutional Rights by *the misconduct of Miroslav Radiceski*, who was a person upon whom Ms. Bostic was expected to trust and rely upon for guidance, supervision and direction during the period of her probation.

*Id*. at ¶ 44 (emphasis added).

Ms. Bostic then alleges that the Defendants, including Defendant Cappas, deprived her of her constitutional rights, including her right to safety and to be free from predation by employees of the Probation Department. *Id*. at ¶ 45.

## MOTION FOR ORAL ARGUMENT

In the Motion for Oral Argument, Ms. Bostic contends that Judge Cappas "falsely claimed in his Surresponse that 'The Notice [of Tort Claim] clearly refers only to Defendant Radiceski's misconduct between March 26, 2013 (sic) and November 26th 2013.'" (ECF 151, p. 2). Ms. Bostic requests oral argument pursuant to Northern District of Indiana Local Rule 7-5 in order to clarify the record in this case. Defendant Cappas opposes the request for oral argument on the basis that Ms. Bostic did not comply with Local Rule 7-5(a)(2), which requires that the request for oral argument be made at the time of filing a brief. Judge Cappas also argues that clarification is unnecessary because the Notice of Tort Claim clearly sets forth the dates of the alleged misconduct.

First, Ms. Bostic could not have filed her request for oral argument along with a brief because the request is based on Defendant Cappas' surresponse, to which no further brief is allowed. Nevertheless, a hearing is unnecessary as the Notice of Tort Claim is attached to both Ms. Bostic's response brief and to Defendant Cappas' surresponse, and the Court is able to understand the allegations and the time frame based on the plain language of the Notice of Tort Claim.

Under the heading "Time of Loss," the Notice provides: "Starting on or about March 26, 2013, and continuing to and including November 26th, 2013, *and thereafter*." (ECF 150-1, p. 2)

(emphasis added). However, under the title "Circumstances of Loss," the Notice describes the events involving Radiceski's conduct from March 26, 2013, to November 26, 2013. *Id*. at pp. 2-3. The paragraph states that Radiceski's "campaign of misconduct and sexual impropriety *culminated* on November 26th, 2013, in, *inter alia*, acts of involuntary deviate sexual conduct and non-consensual sexual intercourse being committed upon Claimant by her Probation Officer, Miroslav Radiceski." *Id*. at p. 3 (emphasis added). The only reference in the Notice to any event after November 26, 2013, is regarding the Petition to Revoke Probation filed by Radiceski that was in place until January 8, 2014. *Id*. There is no allegation in the Notice of Tort Claim regarding the behavior of others in the Probation Office. Oral argument is unnecessary, and the Court denies the motion requesting it.

## MATERIAL FACTS

Defendant Samuel L. Cappas was sworn in as a Judge of the Superior Court of Lake County, Criminal Division, in Lake County, Indiana, on December 20, 2013. (ECF 81, ¶¶ 2, 10); (ECF 140-1, ¶ 1). Defendant Cappas served as Judge of Superior Court of Lake County, Criminal Division, Room Four. (ECF 81, ¶ 10). Defendant Cappas was not a judge in Lake County, Indiana, during the time frame of the alleged non-consensual, sexual misconduct by Defendant Miroslav Radiceski from March 26, 2013, to November 26, 2013. (ECF 140-1, ¶ 2). Defendant Cappas never supervised Radiceski and did not direct the Lake County Probation Department during the time that Radiceski was employed by the Probation Department. *Id*. at ¶ 5. Defendant Cappas avers in his Declaration that he does not have any personal knowledge of, nor did he participate in, the facts alleged in Ms. Bostic's Complaint, other than what he has read in the course of this litigation. *Id*. at ¶ 6.

Ms. Bostic issued an April 17, 2014 Notice of Tort Claim addressed to Defendant Cappas and eleven other individuals and caused the Notice to be delivered by United States Postal Service

to the Superior Court of Lake County, Criminal Division in Crown Point, Indiana, on April 21, 2014. *See* (ECF 142, Exs. D, E). Under the heading "Time of Loss," the Notice provides: "Starting on or about March 26th, 2013, and continuing to and including November 26th, 2013, and thereafter." (ECF 142, Ex. D, p. 2). Under the heading "Circumstances of Loss," the Notice of Tort Claim describes the events of Radiceski's alleged misconduct that occurred from March 26, 2013, to November 26, 2013. *Id*. at pp. 2-3. The Notice states that Radiceski's "misconduct and sexual impropriety culminated on November 26th, 2013, in, *inter alia*, acts of involuntary deviate sexual conduct and non-consensual sexual intercourse being committed upon Claimant by her Probation Officer, Miroslav Radiceski." *Id*. at p. 3. The only reference in the Notice to any event after November 26, 2013, is the statement that, on March 27, 2013, Radiceski filed a Petition to Revoke Probation that remained in place until January 8, 2014, which was nine days after Ms. Bostic's counsel entered his appearance in the probation violation proceeding on behalf of Ms. Bostic. *Id*. at p. 3.

**ANALYSIS**

Plaintiff Lorena E. Bostic's claim against Defendant Samuel L. Cappas is brought pursuant to 42 U.S.C. § 1983. The United States Supreme Court has held that there is no *respondeat superior* liability under § 1983. *Daniel v. Cook Cnty.*, 833 F.3d 728, 733-34 (7th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). Rather, individual liability under § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 587 F.3d 824, 833 (7th Cir. 2010)). In other words, the "individual defendant must have 'caused or participated in a constitutional violation.'" *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (quoting

*Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). "[A]n official satisfies the personal responsibility required of §1983 if [he] acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge or consent." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000) (quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (internal quotation marks omitted)).

Defendant Cappas seeks summary judgment on Ms. Bostic's § 1983 claim against him on the basis that he lacked any personal involvement in the alleged events that could support liability under § 1983. Ms. Bostic responds that there are genuine disputes of material fact as to whether Defendant Cappas, as a Judge of the Superior Court of Lake County, Criminal Division, acted with deliberate or reckless disregard of Ms. Bostic's constitutional rights; had duties that included the administration and supervision of the felony Probation Department; oversaw, administered, supervised, and directed the work force of the Probation Department; was a judge in Lake County during the time frame relevant to the events of the Second Amended Complaint; and had personal knowledge of the facts alleged in the Second Amended Complaint. Summary judgment in favor of Defendant Cappas is proper because Ms. Bostic has not offered any evidence to show any personal involvement by Defendant Cappas either in Defendant Radiceski's conduct that culminated on November 26, 2013, or the conduct of the employees of the Lake County Probation Department in October and November 2014.

First, as to a constitutional violation by Defendant Cappas based on Radiceski's alleged nonconsensual, sexual misconduct, Ms. Bostic's Second Amended Complaint alleges that the time frame for Radiceski's alleged misconduct is March 26, 2013, to November 26, 2013. This time

frame is further stated in the Notice of Tort Claim, and Ms. Bostic does not offer any evidence in response to summary judgment that Radiceski took any action against Ms. Bostic after November 26, 2013. Defendant Cappas did not begin his service as a judge in Lake County, Indiana, until December 20, 2013, which Ms. Bostic acknowledges in her Complaint and does not dispute in response to summary judgment. *See* (ECF 81, ¶ 10). Thus, any duty of Defendant Cappas to supervise or direct the workforce of the Probation Department began on or after December 20, 2013, which was after the date Radiceski's alleged misconduct concluded. (ECF 81, ¶ 19). In her response brief, Ms. Bostic confirms that Defendant Cappas is not liable for the acts of his predecessor during the time period of Radiceski's alleged misconduct. Because Defendant Cappas had no duty, or any ability, to prevent the alleged events or to mitigate any alleged dangers posed by Radiceski, Defendant Cappas did not have personal involvement and cannot have contributed to any deprivation of Ms. Bostic's constitutional rights by any act or omission of his own in relation to Radiceski's conduct.

Second, Ms. Bostic alleges in the Second Amended Complaint that her constitutional rights were violated on October 31, 2014, when she was the victim of retaliation by Radiceski's former co-workers in the Lake County Probation Department when they made snide remarks to her and mocked, derided, and ridiculed her. (ECF 81, ¶¶ 36-38). Ms. Bostic alleges that she suffered at the hands of the employees of the Lake County Probation Department through November 13, 2014, the date on which she filed an emergency motion with the Court of Lake County, Criminal Division, Room Two, to vacate the extension of her period of probation and advised the Court of the abuse she had suffered from personnel at the Lake County Probation Department. *Id*. at ¶¶ 39-41.

In her briefs, Ms. Bostic argues that Defendant Cappas is personally liable for this alleged misconduct by the employees of the Lake County Probation Department from October 31, 2014, to November 13, 2014. Ms. Bostic reasons that, pursuant to Indiana Administrative Rule 18, the judges of the Superior Court of Lake County, Criminal Division, were in charge of the management and governance of the Criminal Division Felony Probation Department and that Defendant Cappas was such a judge on October 31, 2014, and through November 13, 2014. However, as noted above, there is no *respondeat superior* liability under 42 U.S.C. § 1983. *Daniel*, 833 F.3d at 733-34. Any individual liability on the part of Defendant Cappas for the conduct of the Probation Department employees must be because he acted with deliberate or reckless disregard to Ms. Bostic's constitutional rights or because the October 31, 2014 conduct of the employees of the Probation Department occurred at Defendant Cappas' direction or with his knowledge or consent. *Brokaw*, 235 F.3d at 1012.

Ms. Bostic not only makes no such allegations against Defendant Cappas in the Second Amended Complaint, she offers no evidence to raise a genuine dispute of material fact that Defendant Cappas personally caused or took part in a violation of Ms. Bostic's constitutional rights after he took office on December 20, 2013. In her response brief, Ms. Bostic cites only the allegations of her Second Amended Complaint. (ECF 142, pp. 6-7). At this stage of the litigation, however, Ms. Bostic may not rely on her pleadings but rather must come forward with evidence to create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c); *see also Flint*, 791 F.3d at 769 (citing *Anderson*, 477 U.S. at 248). Ms. Bostic does not offer any evidence that Defendant Cappas knew or should have known that Ms. Bostic would be treated poorly when visiting the Probation Department after November 26, 2013, and specifically on October 31, 2014. There is no allegation

or evidence that Defendant Cappas had any knowledge of the behavior of the Probation Department employees or had any means to stop their behavior if he had known about it. Notably, the Second Amended Complaint itself alleges that Ms. Bostic did not notify the Superior Court of Lake County, Criminal Division, Room Two of the abuse she suffered from personnel at the Lake County Probation Department until she filed her emergency motion on November 13, 2014. *See* (ECF 81, ¶ 41).

Ms. Bostic also contends that it "defies logic and reason" to assume that, after December 20, 2013, none of Defendant Cappas' fellow judges or Jan Parsons, the director of the Lake County Probation Department, ever advised Defendant Cappas about Radiceski's conduct in assaulting and engaging in sexual misconduct against Ms. Bostic from March 26, 2013, to November 26, 2013. (ECF 142, p. 5). However, Ms. Bostic offers no evidence that Defendant Cappas had such knowledge. Based on the evidence currently before the Court, there appears to be a dispute of fact as to what date Defendant Cappas learned of Radiceski's alleged sexual misconduct. Ms. Bostic's April 17, 2014 Notice of Tort Claim was delivered on April 21, 2014, to the Superior Court of Lake County, Criminal Division. (ECF 142-1, pp. 57-58). However, the Certified Mail Receipt with the signature is not submitted by Ms. Bostic, and Ms. Bostic does not offer evidence of the date that Defendant Cappas personally received a copy of the April 17, 2014 Notice of Tort Claim. In his sworn Declaration attached as an exhibit to the instant Motion for Summary Judgment, Defendant Cappas avers, "I do not have any personal knowledge of, nor did I participate in, the facts Plaintiff alleges in her complaint, other than what I have read in the course of this litigation." (ECF 140-1, ¶ 6). It is not clear whether the Notice of Tort Claim is considered part of this litigation.

Regardless, the date that Defendant Cappas learned of Radiceski's alleged misconduct is not a dispute of *material* fact. Even if Defendant Cappas knew of Radiceski's alleged misconduct when he took the bench on December 20, 2013, or at some point after the April 21, 2014 service of the Notice of Tort Claim, Ms. Bostic has not offered any evidence that Defendant Cappas had any personal involvement with the alleged conduct of the Probation Department employees on October 31, 2014, through November 13, 2014. Nor has Ms. Bostic offered evidence that Defendant Cappas acted with deliberate or reckless disregard of her constitutional rights after he became a judge on December 20, 2013.

In her Second Amended Complaint and in her response brief, Ms. Bostic references court filings made in the Superior Court of Lake County, Criminal Division, Room Two, where Ms. Bostic was placed on probation on October 31, 2011, where Radiceski filed the Petition to Revoke Probation that remained in place until January 8, 2014, and where Ms. Bostic filed her November 13, 2014 emergency motion that resulted in the court discharging her period of probation. *See* (ECF 81, ¶¶ 18, 35, 41, 42, 46.a); (ECF 142, pp. 8, 9, 10). Ms. Bostic has not offered any evidence that Defendant Cappas, who was Judge in Criminal Division, Room Four, had knowledge of the proceedings in Criminal Division, Room Two. Finally, the alleged treatment of Ms. Bostic by the Lake County Probation Department employees on October 31, 2014, was not, nor could it have been, part of the April 17, 2014 Notice of Tort Claim. Ms. Bostic offers no evidence that a Notice of Tort Claim was filed as to any post-November 26, 2013 conduct of the employees of the Lake County Probation Department.

Ms. Bostic has not met her burden of offering evidence that Defendant Cappas had personal involvement such that he contributed to any deprivation of Ms. Bostic's constitutional rights by the

14

conduct of employees of the Lake County Probation Department in October and November 2014. Thus, Defendant Cappas lacks the requisite personal involvement in any alleged constitutional violation that could support § 1983 liability, and summary judgment in his favor is granted.

## CONCLUSION

Because Defendant Samuel L. Cappas lacks the requisite personal involvement in any alleged constitutional violations that could support § 1983 liability, the Court hereby **DENIES** the Motion of Plaintiff Lorena E. Bostic for Oral Argument on Defendant Samuel L. Cappas' Motion for Summary Judgment [DE 151], **GRANTS** Defendant's Motion for Summary Judgment [DE 139], and **ORDERS** that summary judgment is granted in favor of Defendant Samuel L. Cappas on Plaintiff Lorena E. Bostic's claim against him.

The Court **DISMISSES** Defendant Samuel L. Cappas from this cause of action. The case **REMAINS PENDING** as to the other defendants.

SO ORDERED this 9th day of November, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT