UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LORENA E. BOSTIC,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:15-CV-429-JPK |
| MIROSLAV RADICESKI,<br>　　　　Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for an Award of Attorney Fees and Costs [DE 293]. On February 28, 2023, after a jury trial, a judgment of $750,000.00 was entered for Plaintiff Lorena E. Bostic against Defendant Miroslav Radiceski on Bostic's claim that Radiceski violated her rights under 42 U.S.C. § 1983. [DE 285, 287]. Bostic seeks an award of $128,876.00 in attorney fees, and $4,258.67 in costs. Radiceski filed a response objecting to the award in part. Bostic did not reply and the time to do so has passed.

In an action to enforce Section 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b); *see Fox v. Vice*, 563 U.S. 826, 833-34 (2011). A plaintiff is considered a prevailing party if they "succeed on any significant issue in litigation which achieves some of the benefit [] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "starting point" for a reasonable fee is the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Next, the Court can account for "other considerations that

may lead the [] court to adjust the fee upward or downward," such as the "significance of the overall relief obtained," particularly when not all the claims were successful. *See id*. at 435.

Radiceski raises two objections to the fee request. First, Bostic seeks fees for 125.26 hours of work by Attorney J. Michael Katz, but the motion includes no itemization of Attorney Katz's time. [*See* DE 293-2]. Attorney Katz's affidavit, attached to the motion, states only that "[t]he support for [Attorney Katz's] time and billables are currently with the Law Office of David Gladish, P.C." [DE 293-4]. The motion lacks the required "evidence supporting" the number of hours worked, and Bostic did not reply to Radiceski's response raising the issue. The affidavit will be stricken, and Bostic will be granted leave to file a supplemental request for fees. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or . . . reduce the proposed fee by a reasonable percentage.").

Next, Radiceski objects to Bostic's request for fees spent contesting the state defendants' motion for summary judgment. The Court granted that motion, finding that Jan Parsons and Judge Clarence D. Murray were entitled to qualified immunity, and that Bostic had conceded the remaining state defendants were not liable. [*See* DE 249]. Bostic seeks to be compensated for time spent on the motion despite adverse rulings on those claims.

> In *Hensley*, the Supreme Court discussed whether courts should award fees for lost claims:
>
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." . . .
>
> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours

2

> expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435-36 (citations omitted).

On one hand, there is clearly a common core of operative facts between the claims Bostic lost at summary judgment and the claim she won at trial. Based on the dollar value of the judgment alone, Bostic's counsel obtained a successful result, and should be entitled to a "fully compensatory fee." On the other hand, the procedural posture of the case makes it possible to clearly distinguish between time spent on the winning claim and certain time spent contesting summary judgment on the losing claims. And while counsel achieved a significant monetary judgment, the dismissal of the state defendants was significant, because there is doubt about how easily Bostic can recoup a judgment from Radiceski given his financial status.

Although she did not reply to Radiceski, Bostic's motion cites three cases in which plaintiffs recovered fees related to unsuccessful claims or arguments. However, all three are distinguishable. In *Jaffee v. Redmond*, 142 F.3d 409 (7th Cir. 1998), the Seventh Circuit ultimately held that the district court was wrong to deny fees for an unsuccessful *argument* in support of an ultimately successful claim. *See id*. at 414-15. In *Garner v. Wade*, No. 97 C 4118, 1998 WL 474137 (N.D. Ill. Aug. 6, 1998), the plaintiff proceeded to a single trial on five claims, four of which relied on the same factual presentation to the jury. Although only one claim was successful, the plaintiff

could recover fees for the four similar claims, but not for a fifth claim where the factual and legal issues did not sufficiently overlap with the others.[1] *See id*. at *1-4. In *O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829 (N.D. Ill. 2007), the court rejected a "mechanical, 'claim-chopping' approach" of reducing the fee by 50% simply because the plaintiff lost on two of the four claims. But the court specifically declined to award fees for contesting summary judgment on unsuccessful claims. *See id.* at 845 ("any time spent defending against summary judgment on those claims may not be awarded"). If anything, *O'Sullivan* supports Radiceski's position.

In general, Bostic's counsel are being compensated for their work on all claims, including discovery that was mostly related to the unsuccessful claims. [*See* DE 293-2]. But the specific issues contested in the summary judgment motion (essentially, whether the state defendants' suspicions about Radiceski's behavior were sufficient to sustain liability) had no direct bearing on Radiceski's own liability. When it is possible to make these distinctions, precedent dictates that they are reflected in the fee award. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) ("Where the hours spent on successful claims can easily be distinguished from those spent on unsuccessful claims, the court can simply strike the latter entries when computing the lodestar."); *Cook Cnty. Republican Party v. Bd. of Election Comm'rs for the City of Chicago*, 223 F. Supp. 3d 713, 719 (N.D. Ill. 2016) (defendant not liable for fees for plaintiff's motion for summary judgment against co-defendants); *Flanagan v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 663 F. Supp. 2d 662, 669 (N.D. Ill. 2009) ("Plaintiff is [] not entitled to a wholesale recovery of all fees accumulated in work on both claims. She may recover only for those efforts that contributed to the

---

[1] Even if all of Bostic's claims had gone to trial, that would not necessarily entitle her to all fees. *See Lally v. City of Chicago*, No. 10 C 5011, 2013 WL 1984422, at *11 (N.D. Ill. May 13, 2013) (50% reduction in fees where "the hours expended included significant time spent on claims that went nowhere"); *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 994 (N.D. Ill. 2012) (35% reduction where plaintiff won on only one of three claims presented at trial).

[successful] claim."). The Court will not award fees for time spent on the summary judgment motion, but will make an upward adjustment to the lodestar, as further discussed below.

The Court finds that the remaining hours Bostic claims were reasonably expended. Noting the lack of objection, the Court finds that $400.00 per hour for lead counsel, $350.00 per hour for assisting counsel, and $100.00 per hour for a paralegal are reasonable rates. *See Hill v. City of Hammond, Indiana*, No. 2:10-CV-393-TLS, 2023 WL 3735593, at *2-3 (N.D. Ind. May 31, 2023) ($350.00 per hour was "in line with [] market rates" for civil rights litigation); *Grimmway Enters., Inc. v. B & B Organics, Inc.*, No. 3:19-CV-261-JD, 2020 WL 1443782, at *9 (N.D. Ind. Mar. 25, 2020) (attorney's rate of $335.00 and paralegal's rate of $195.00 were reasonable); *Myatt v. Gladieux*, No. 1:10-CV-64-TLS, 2015 WL 6455387, at *5 (N.D. Ind. Oct. 23, 2015) ($350.00 per hour was reasonable; "courts in the Northern District of Indiana have awarded fees in an hourly range starting slightly below $200 and ending around $400"); *Wirtz v. City of South Bend, Ind.*, No. 3:11-CV-325-RLM-CAN, 2012 WL 589454, at *2 (N.D. Ind. Feb. 17, 2012) ($400.00 per hour was reasonable for civil rights litigation). The requested costs of $4,258.67, for deposition transcripts and filing fees, are compensable under Federal Rule of Civil Procedure 54(d). *See, e.g., Apuri v. Parkview Health Sys., Inc.*, No. 1:16-CV-363-HAB, 2020 WL 401886, at *3 (N.D. Ind. Jan. 23, 2020); *Borom v. Town of Merrillville*, 857 F. Supp. 2d 785, 790 (N.D. Ind. 2012).

Finally, the Court can adjust the fee based on factors not adequately captured by the lodestar, including the novelty and difficulty of the legal questions presented, the skill required to litigate the case, and the results obtained. *Hensley*, 461 U.S. at 434; *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 n. 1 (7th Cir. 1996). The Court finds that in this case, an upward adjustment of 10 percent is merited. The dismissal of the state defendants was a close call, and under these circumstances, it would have been unreasonable for Bostic's counsel

not to pursue those claims. *See Moore v. Watson,* No. 09 C 0701, 2013 WL 1337153, at *7 (N.D. Ill. Mar. 29, 2013) (legal issue of first impression "weighed in favor of an upward adjustment"). Counsel performed admirably in a difficult case. While precedent may dictate that the award must initially be reduced, as discussed above, the Court is loath to do so in a way that might chill attorneys from seeking to pursue such cases against a difficult legal landscape. The vindication of Bostic's constitutional rights, set against the heinous behavior to which Radiceski stipulated, adds to the significance of the award. *See Est. of Moreland v. Speybroeck*, No. 3:99-CV-607PS, 2005 WL 8160355, at *10 (N.D. Ind. Sept. 27, 2005) (25% increase to lodestar: "There can be no doubt that Moreland suffered the greatest abuse possible at the hands of police . . . The verdict in this case sends a teaches law enforcement that reprehensible behavior will be punished severely.") (citing *Ustrak v. Fairman*, 851 F.2d 983, 989 (7th Cir. 1988)).

Based on the reductions for the undocumented hours of Attorney Katz (125.26 hours at $350.00 per hour, totaling $43,841.00), and the hours spent on the summary judgment motion (34.5 hours by Attorney David S. Gladish at $400.00 per hour, totaling $13,800.00), the initial award is reduced to $71,235.00. The 10 percent increase results in a total award of $78,358.50, plus the requested $4,258.67 in costs, subject to possible supplementation for the presently undocumented hours of Attorney Katz.

Accordingly, the Court **GRANTS in part** Plaintiff's Motion for an Award of Attorney Fees and Costs [DE 293], and **ORDERS** Radiceski to pay Bostic $78,358.50 in fees and $4,258.67 in costs. Any renewed motion for additional fees must be filed by **July 7, 2023**.

So ORDERED this 23th day of June, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT